In the Matter of the New Orleans Draining Company—L. Surgi v. C. Roselius, Receiver.

Where a rule was taken on the opposite party to have the expense of making a "*plan*" taxed as costs, and the defendant did not except to the form of proceeding, but answered to the merits, and testimony was taken without objection, it was the duty of the Judge to decide upon the merits of the controversy; and that which ought to have been pleaded as an exception in the court below cannot be assigned as error on the appeal. Although the amount allowed was a large one, there being no witness who estimated the value of the work at less than the amount allowed by the Judge, he could not have fixed upon a smaller amount, without acting arbitrarily and disregarding the testimony.

APPEAL from the Third District Court of New Orleans, *Duvignaud,* J. C. *Redmond,* for plaintiff in rule. C. *Roselius,* in *pro. per.,* appellant.

Merrick, C. J. The appellant, as receiver of the above named company, assigns two grounds of reversal, as error in the judgment of the court below:

SURGI
*v.*
ROSELIUS.

I. " That the proceeding by rule, under the pretext of taxing costs, is radically wrong—the plan, for the making of which the appellee claims compensation, was not made in the course of judicial proceeding, or by order of court, and that whatever claim the applicant may have, it constitutes no part of the costs of court, and cannot be taxed as such."

The defendant in the rule did not except to the form of the proceeding, but answered to the merits. Testimony was taken without objection, and the case submitted to the Judge *a quo*. It was then his duty to decide upon the merits of the controversy, and that which ought to have been pleaded as an exception cannot now be successfully assigned as error. *Buchert* v. *Ricker*, 11 An. 491.

II. " That the amount awarded by the judgment of the District Court is unreasonable, and not warranted by the evidence."

The sum allowed for a " plan," $1600, is certainly a large sum for this sort of work. But there is no witness who estimates the value of the plan at less than the sum allowed by the Judge. He could not have taken any smaller sum as the basis of his judgment, without acting arbitrarily, and disregarding the testimony.

Judgment affirmed.